Hon. Ned Harkness President and Chief Executive Officer Olympic Regional Development Authority
Your counsel has asked whether volunteers in the service of the Olympic Regional Development Authority are entitled to defense and indemnification under section 17 of the Public Officers Law.
Counsel has informed us that the Authority is a public benefit corporation which, through agreements with New York State and the Town of North Elba, manages certain recreational facilities (see Public Authorities Law, §§ 2612, 2614). In the operation of these facilities, the Authority engages the services of volunteers who, for example, supplement the Authority's ski patrol and serve at sporting events and entertainment events as stewards, course checkers, timers, medical doctors, nurses, emergency medical technicians and physicians' assistants (see id., § 2611 [5]). These volunteers act under the supervision and control of the Authority. Your question is whether these volunteers receive defense and indemnification under section 17
of the Public Officers Law.
While the Authority is a public benefit corporation distinct from the State (Public Authorities Law, § 2606), its enabling legislation extends the provisions of section 17 to members of the Authority and its officers, employees and agents (id., § 2623 [2]).
 "The provisions of section 17 of the public officers law shall apply to members, officers, and employees and agents of the authority . . ." (ibid.).
In our view, volunteers in the service of the Authority pursuant to its enabling legislation, are agents of the Authority and, therefore, are entitled to defense and indemnification under section 17. It is well settled that a principal-agent relationship exists where one retains a degree of direction and control over another (Garcia v Herald TribuneFresh Air Fund, Inc., 51 A.D.2d 897 [1st Dept, 1976]; Restatement, Second, Agency, § 14, American Law Institute, 1958, p 60). The authority to act on behalf of the principal is a basic characteristic of an agent (id., §§ 12, 13, pp 57-60). Consideration is not necessary to create the relationship of principal and agent (id., § 225, p 497). It follows that volunteer's retained by the Authority to perform duties on the Authority's behalf and under its supervision are agents and, thus, when acting pursuant to the Authority's enabling legislation are entitled to defense and indemnification under section 17 of the Public Officers Law.
We note that section 2614 (2) (i) of the Public Authorities Law separately deals with the liability of the Authority as an entity. In a letter dated August 23, 1983 to your counsel, we dealt with the obligation of the State to defend the Authority, as an entity, under this provision and in general. That letter is not affected by this opinion.
We conclude that volunteers retained by the Authority to perform duties on the Authority's behalf and under its supervision are agents and, thus, when acting pursuant to the Authority's enabling legislation are entitled to defense and indemnification under section 17 of the Public Officers Law.